UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRISTIAN SANCHEZ, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br> -against-<br><br>WELCOME SKATEBOARDS INC.,<br><br>      Defendant. | Case No.: 1:21-cv-2598 (KPF)<br><br>**SECOND DECLARATION OF SHIR EKRON** |

  I, **SHIR EKRON**, hereby declare, pursuant to U.S.C. § 1746, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

  1. I am the Chief Executive Officer and co-founder of accessiBe Ltd. ("accessiBe"), and as such I am fully familiar with the facts and circumstances described herein.

  2. I submit this Second Declaration in further support of Defendant Welcome Skateboards Inc.'s ("Welcome Skateboards") motion to dismiss Plaintiff Cristian Sanchez's First Amended Complaint, dated June 17, 2021 (the "FAC,") in the above-captioned action.

  3. From my review of the Declaration by Robert D. Moody that Plaintiff filed with his opposition papers to Welcome Skateboards' motion to dismiss the FAC, I am aware that Moody alleges that, on August 24, 2021, he evaluated the website https://welcomeskateboards.com/ (the "Website"), and determined that "issues with the [] website do exist and moreover, those issues are a barrier to individuals with low to no vision." (Moody Decl. ¶ 7).

  4. Moody identified five particular issues in paragraph 8 (a)-(e) of his Declaration.

5.      On September 20, 2021 I analyzed the Website again, and have confirmed that the issues identified by Moody are not barriers to access.

6.      In paragraph 8(a) Moody claims that "*The website contains social media links as an additional source to stay connected with the company. The links lacks proper description. The screen reader would read 'New window open,' with no other description thus barring the user from any understanding as to what to do with the link.*"

7.      Moody does not identify which Social Media link, so it is impossible for me to determine where exactly on the Website he claims to have encountered this issue. However, all such links are properly described. In particular, all social media icons are being read as follows "*Link new window Facebook/YouTube/Instagram*." The text announcing a "new window" is announced and then the social media name (e.g., "YouTube") is immediately announced. The screenshot below proves that the "You Tube" description is in the code.



148572.00613/117051161v.1

8.	In paragraph 8(b) Moody claims that "*Once a product is selected, images are shown of the item. These images are mislabeled. The image lacks any description for the text or alternate text except for "Opens an image" and the product name. The description seems incomplete and a screen reader interpreting this description would most definitely confuse a visually impaired user as to what they are trying to review and/or buy*."

9.	Moody does not identify which product he selected, so it is impossible for me to determine where exactly on the Website he claims to have encountered the issue.  Regardless, what Moody describes is not a barrier to access.  Using the product in the image below as an example, the description "*opens an image*" is announced.  That is because clicking on a product literally opens an image – that is the precise and correct description of the functionality.  But that text does not exist alone. All images are fully labeled using the Alt attribute as shown in the image. The text for the image below, as read by the user's screen reader is "*Opens an image – machine canvas chore coat – magic forest*".  The coding explains what it going to happen upon clicking, and what is going to be shown.  This is not an "issue," much less a barrier to access.  The function works exactly as it is supposed to.

148572.00613/117051161v.1



10. In paragraph 8(c) Moody claims that "*The products offered have different size options. The first option, small, is accessible, but the rest are not labeled to integrate with the screen reader. When navigating* with *a keyboard, the cursor skips the other options to the add to cart button. Without providing proper information, it would create a barrier for a visually impaired user.*"

11. Moody does not identify which product he selected, so it is impossible for me to determine where exactly on the Website he claims to have encountered the issue. Regardless, what

148572.00613/117051161v.1

Moody describes is not a barrier to access, and demonstrates a lack of understanding of the WCAG requirements and how accessibility should work. When radio buttons are shown only the first (or the selected) should receive keyboard (Tab) focus. Once one of the size options is selected, the navigation between them should be done using the <u>arrow keys</u>, and not the <u>Tab</u> key. What Moody describes is therefore not a barrier to access. The function works exactly as it is supposed to.



12.    In paragraph 8(d) Moody claims that, *"once a product is selected, there is text that relays the price, a description of the item, and a sizing chart. All these site functions are not labeled to integrate with the screen reader. The cursor skips this information and navigates to the nearest available link, button, or header."*

13.    Moody does not identify which product he selected, so it is impossible for me to determine where exactly on the Website he claims to have encountered the issue. Regardless, what Moody describes is not a barrier to access. Using the size chart for the product in the screenshot below as an example, the code demonstrates that the size chart is indeed labeled with the proper Alt attribute for screen reader users. The function works exactly as it is supposed to.

148572.00613/117051161v.1



14. In paragraph 8(e) Moody claims that "*While browsing products there is a black promotional banner near the top of the screen relaying 'Free Shipping…' and 'Free grip…'. This information is not labeled to integrate the screen reader. The cursor skips this information and navigates to the main content of the website.*"

15. Moody does not identify which product he selected, so it is impossible for me to determine where exactly on the Website he claims to have encountered the issue. Regardless, what Moody describes is not a barrier to access, and again, shows a lack of understanding of accessibility. First, Moody mentions a "cursor." But a cursor is only used by <u>mouse</u> users. Blind people using screen readers use keyboards (not a mouse), because they would be unable to see a cursor on the screen. To the extent Moody is referring to Tab key (not cursor) skipping the information, Moody is confused about how screen readers work. The promotional banners are coded with live text (see screen shot below) which is being read by screen readers without having

148572.00613/117051161v.1

the need to Tab.  Screen reader users do not use the Tab key, they use the arrow keys. The Tab key should only be used to browse between <u>interactive</u> elements for keyboard users, or form fields for screen reader users, but not <u>text</u> elements (like the promotional banners) for any type of user or assistive technology.



16. In sum, the issues identified in Moody's Declaration do not exist, and no additional barriers exist.

17. As long as accessiBe remains operating on the Website, accessiBe will ensure that the Website is complaint with WCAG 2.1 AA, and/ or any successor guidelines published by

148572.00613/117051161v.1

the WC3, that there are no WCAG errors (and if any are identified after a scan, they will be remediated), and that the Website is otherwise accessible to all users.


Executed on September 23, 2021
Tel Aviv, Israel

_____
SHIR EKRON