

Joseph H Mizrahi – Partner
200 Vesey Street, 24th Floor
New York, NY 10281
P: (212) 595-6200 | F: (212) 595-9700
Jmizrahi@mizrahikroub.com
www.mizrahikroub.com

March 11, 2022

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007



   Re: *Sanchez v. Welcome Skateboards Inc.;* Case No. 1:21-cv-02598-KPF

Dear Judge Failla:

  We represent plaintiff Cristian Sanchez ("Plaintiff") in the above-referenced action. We submit this joint letter and case management plan on behalf of all parties in advance of the initial pretrial conference. The parties have conferred and respectfully request that the initial conference be cancelled and that the Court so-order the attached case management plan and scheduling order.

**1. Brief Statement of the Nature of the Action**

Plaintiff:

  Plaintiff brings this action, on both an individual basis and on behalf of a nationwide class, against defendant Welcome Skateboards Inc. ("Defendant") for violations of the Americans with Disabilities Act ("ADA") and New York City Human Rights Law ("NYCHRL"). Specifically, Defendant failed to design the website that it owns and operates, welcomeskateboards.com, to be equally accessible to the visually impaired as it is to sighted individuals. Defendant's website offers an array of goods that consumers can purchase online such as skateboards and apparel for purchase. Defendant's website also provides information about itself and the goods it sells.

  Plaintiff is legally blind and uses a screen-reader. Defendant's website is not properly designed and operated to be read by screen-reading software. Because of this, Plaintiff encountered multiple barriers that denied Plaintiff access to the website equal to the access sighted individuals enjoy. Plaintiff could not, for example, learn about the goods and services offered for purchase on Defendant's website.

  Plaintiff alleges that Defendant's website is a "place of public accommodation" under the ADA and a "place or provider of public accommodation" under the NYCHRL. "A commercial website itself qualifies as a place of "public accommodation" to which Title III of the ADA affords a right of equal access." *Del-Orden v. Bonobos, Inc.*, No. 1:17-cv-02744 (PAE), 2017 U.S. Dist.



Hon. Katherine P. Failla

LEXIS 209251, at *20 (S.D.N.Y. Dec. 20, 2017).

Defendant:

Plaintiff claims that the website welcomeskateboards.com (the "Website"), which is operated by Defendant, is not compliant with Title III of the Americans with the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181, et seq. (the "ADA") and New York City Human Rights Law, N.Y.C. Admin. Code § 8-102, et seq. (the "NYCHRL"), because the Website purportedly denies equal access to visually-impaired customers.

Plaintiff's claims will fail because Plaintiff has not suffered an injury-in-fact, a fundamental requirement of standing to pursue the claims alleged in the Complaint.  While the Court found that the general factual allegations of injury in Plaintiff's Amended Complaint were enough to survive dismissal, for summary judgment purposes, Plaintiff can no longer rest on such "mere allegations," but must provide evidence of specific facts, which must ultimately be "supported adequately by the evidence adduced at trial." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137, 119 L. Ed. 2d 351 (1992) (internal citations omitted). Plaintiff claims that Defendant's website was "not properly designed" and operated to be read by screen-reading software, and "because of this, Plaintiff encountered multiple barriers that denied Plaintiff access to the website equal to the access sighted individuals enjoy."  But Defendant will prove that Plaintiff suffered no concrete and particularized injury which is fairly traceable to any actions by Defendant, and Defendant will prove that Plaintiff was not denied the same experience as a sighted person because of any "barriers" to accessibility on the Website.

Plaintiff's claims are also moot.  A case is no longer a "case" or "controversy" for purposes of Article III jurisdiction when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). A claim for injunctive relief is rendered moot where there is no reasonable expectation that the alleged violation will recur, and interim relief or events have eradicated the effects of the alleged violation. *Clear Channel Outdoor, Inc. v. City of N.Y.*, 594 F.3d 94, 110 (2d Cir. 2010). Thus, in the ADA website accessibility context, a case is rendered moot when the defendant has remedied the alleged ADA violations, ensured that no additional barriers to accessing the website exist, and has committed to ensuring access on a going-forward basis.  To the extent any barriers existed in the first place, Defendant has conclusively remediated such barriers by investing in remediation technology, and Defendant has committed to maintain such technology so as to ensure continued accessibility.

Finally, while Plaintiff alleges that Defendant's website is a "place of public accommodation" under the ADA and that a "A commercial website itself qualifies as a place of "public accommodation" to which Title III of the ADA affords a right of equal access," the Second Circuit has never resolved the question of whether a website constitutes a "place of public accommodation." *Winegard v. Newsday LLC*, No. 19-CV-04420(EK)(RER), 2021 WL 3617522 (E.D.N.Y. Aug. 16, 2021).  The ADA's text and context as well as the history of the term "place of public accommodation," make clear that the ADA excludes websites of businesses with no public-facing, physical retail operations from the definition of public accommodations.


Hon. Katherine P. Failla

2.  **Brief Statement Regarding Jurisdiction and Venue**

<u>Plaintiff:</u>

  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's NYCHRL claims.  The Court has personal jurisdiction over Defendant as its website offers services for sale to consumers in New York and Plaintiff attempted to purchase Defendant's services in New York.  Venue is proper in this District under 28 U.S.C. §1391(b)(2) and (c).

<u>Defendant:</u>

For the above-stated reasons, the Court lacks subject matter jurisdiction.  There is no subject matter jurisdiction because there is no live case or controversy before the Court.  Further, to survive a Rule 12(b)(1) motion to dismiss, a plaintiff must allege facts that affirmatively and plausibly suggest that he or she has standing to sue. *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011).  To establish standing "a plaintiff is constitutionally required to have suffered (1) a concrete, particularized, and actual or imminent injury-in-fact (2) that is traceable to defendant's conduct and (3) likely to be redressed by a favorable decision." *Amidax Trading Grp.*, 671 F.3d at 145.  Here, there is no subject matter jurisdiction because Plaintiff has not suffered an injury-in-fact.  Defendant does not contest venue, or subject matter jurisdiction on federal question grounds.

3.  **Existing Deadlines**

  There are no existing deadlines at this time.

4.  **Outstanding Motions**

  There are no outstanding motions at this time.

5.  **Description of Discovery Exchanged**

<u>Plaintiff:</u>

  No formal or informal discovery has taken place between the parties.  Aside from fact discovery concerning the creation, maintenance and servicing of Defendant's website and the accessibility barriers on the website, Plaintiff intends to take class discovery on the following topics: (i) the size and structure of the proposed classes (logs of IP addresses of persons residing in NY that accessed Defendant's website; written discovery as to numerosity; third-party discovery as to website access numbers); (ii) common questions of law and fact (written discovery as to website design and maintenance and website accessibility; expert testimony concerning website accessibility); (iii) typicality (records of prior legal actions regarding lack of accessibility; depositions of Defendant's personnel involved in Website maintenance; written discovery as to the design of any third-party accessibility function; expert testimony regarding damages to class members); and (iv) superiority and predominance (discovery demonstrating that Defendant acted



Hon. Katherine P. Failla

or refused to act in a manner generally applicable to the class; discovery demonstrating that class action is the best method for fair and efficient adjudication).

<u>Defendant:</u>

Defendant will vehemently oppose fact discovery concerning the "creation" of Defendant's website because any such discovery would have no bearing on any of the issues in this action. Defendant's position in this case is that accessiBe has rendered the website accessible and compliant with the Americans with Disabilities Act, and all other State and City laws at issue. The accessiBe tool is an artificial intelligence (AI)-powered accessibility compliance solution that, once it is implemented, ensures the Website provides a digital experience that adheres as strictly as possible to the WCAG 2.1 guidelines. Defendant addressed any website accessibility issues relating to website accessibility (to the extent any issues existed) when it added accessiBe's accessibility plugin to the Website, this time of creation of the website Defendant will also oppose any purported "class discovery" because a class cannot be certified in a digital accessibility case given the differing standards of technology, the lack of numerosity, fact–specific questions relating to the alleged lack of access and how visually impaired people use specific areas of the websites, among other factors.

Defendant will immediately seek to depose plaintiff and request for inspection and forensic copying any and all personal computers, smart phones, tablet computers, personal digital assistants, and other personal electronic devices which Plaintiff and Plaintiff's expert purportedly used to access the Website.

**6.     Status of Settlement Discussions**

The parties have discussed settlement telephonically and continued those discussions through the exchange of email. These settlement discussions are ongoing. The parties do not request a settlement conference at this time.

**7.     Other Information that May Assist the Court in Advancing the Case to Settlement or Trial**

None at this time.

Respectfully submitted,
*/s/ Joseph H. Mizrahi*
Joseph H. Mizrahi

*/s/ Martin Simon Krezalek*
Martin Simon Krezalek

cc:    All Counsel of Record (via ECF)

Application GRANTED. Under separate cover, the Court will (i) endorse the parties' proposed Case Management Plan and Scheduling Order and (ii) issue a mediation referral order. The Court notes that the initial conference in this matter has already occurred, so there is no conference for the Court to adjourn as the parties requested in the first paragraph of this letter.

Dated: March 14, 2022
New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE